Van Syckel v. Dalrymple.

SYLVESTER VAN SYCKEL

v.

DAVID DALRYMPLE.

Oral evidence is admissible to reform a written instrument, or to subvert or overthrow it entirely, but not to vary or alter it.

On final hearing before the vice-chancellor, on bill and answer, and an offer to make proof of certain facts by oral evidence.

*Mr. Chester Van Syckel,* for the complainant.

*Mr. John N. Voorhees,* for the defendant.

THE VICE-CHANCELLOR.

This suit is founded on a mortgage made by the defendant to one Henry Johnson, bearing date March 30th, 1872, and payable April 1st, 1873. Johnson sold the mortgaged premises to the defendant, and the mortgage was given in payment of part of the purchase-money. The defence set up is this: That the mortgage does not, in a material point, conform to the contract under which it was given. The defendant says that, at the time he made the purchase, he told Johnson he could not purchase if he was to be required to put the property in repair and also pay the principal of the mortgage to be given, during Johnson's life, and that thereupon Johnson agreed that the mortgage should not be due and payable during his life, provided the defendant kept the interest paid up and put the property in repair and kept it so.

On the final hearing the defendant offered to show an oral contract substantially like that set up in his answer. His evidence was held to be inadmissible, and his defence unavailable, without a cross-bill seeking to reform the mortgage. Leave to file a cross-bill was not asked, nor was it intimated that, if further proceedings in the suit were temporarily delayed, a cross-bill would be filed. The answer imputes no fraud or wrong to Johnson in the preparation or execution of the mortgage. It does not charge that Johnson had the mortgage drawn, or was present at its execution. It is silent as to who procured the mortgage to be drawn, and it must therefore be presumed that it was drawn at the instance, and according to the instructions, of the person who executed it. If the mortgage contains a mistake, it would seem to be pretty clear that the complainant is not responsible for it.

The defendant seeks to avail himself of this defence by answer alone. The question, it will be perceived, is not whether this court can, upon appropriate pleadings, reform the mortgage, but, Can it, in the present condition of the pleadings, give effect to the alleged oral contract, so as to make the mortgage read entirely different from its written language? The law upon this subject is rudimental. Oral evidence is admissible to reform a written instrument, or to subvert or overthrow it entirely, but not to vary or alter it. The general rule may be thus expressed: When the parties to a contract have deliberately put their engagements into writing, in such terms as import a legal obligation, without any uncertainty as to the object or extent of their engagements, it is conclusively presumed that every part of their contract was reduced to writing, and all oral evidence, therefore, of what was said during the negotiation of the contract, or at the time of its execution, must be excluded on the ground that the parties have made the writing the only repository and memorial of the truth, and whatever is not found in the writing must be understood to have been waived and abandoned. A rule so elementary and familiar need not be vouched for by authorities. The following cases are cited merely to illustrate its application : *Chetwood* v. *Brittan, 1 Gr. Ch. 448; S. C., 3 Gr. Ch. 336; S. C. on appeal, 1 Hal. Ch. 628; Dewees* v. *Manhattan Insurance Co., 6 Vr. 372; Chubb* v. *Peckham, 2 Beas. 207; Huffman* v. *Hummer, 2 C. E. Gr. 269; French* v. *Griffen, 3 C. E. Gr. 280; Locander* v. *Lounsbury, 9 C. E. Gr. 420.*

Even fraud in the consideration of a mortgage, which does not go to the extent of completely overthrowing the instrument, can only be made available to a defendant in a foreclosure suit by cross-bill. *Miller* v. *Gregory, 1 C. E. Gr. 274; O'Brien* v. *Hulfish, 7 C. E. Gr. 471.*

The defendant's evidence is inadmissible, and the complainant is, consequently, entitled to a decree.